[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 1, 1999 CT Page 13310
Courts — Judicial Immunity — Misc. Cases — Judicial Immunity Applies to Claims by a Victim that a Prosecutor Improperly Disclosed that the Victim Had Been Exposed to HIV. Judicial immunity bars claims by a victim that a prosecutor had improperly disclosed during a sentencing hearing that the victim was exposed to HIV during an attack by the defendant.
On July 28, 1995 at about 9:00 a.m., Assistant State's Attorney James G. Clark met with Susan Barese in the courthouse to discuss the scheduled sentencing later that morning if a criminal defendant who had bitten her while burglarizing her home. During this meeting James Clark informed Susan Barese that a written presentence investigation report (PSI) contained a statement of the criminal defendant's claim that he was HIV infected when he bit her. He further informed her that the PSI was available to the trial judge for use in determining the defendant's sentence. In addition, Mark told Ms. Barese that he did not believe that the criminal defendant had HIV, but that the statement was made in an effort to obtain leniency at his sentencing hearing. Mr. James Clark assured Susan Barese that he would not disclose what he was then discussing with her.
Nevertheless, at the sentencing hearing James G. Clark revealed the criminal defendant's claim to be HIV infected at the time that he bit her. Furthermore, James G. Clark stated to the trial Judge that "[w]e didn't have that information or he would have been charged with murder." Later in deposition testimony, Mr. Clark stated that his statement to the court of prosecuting for murder was hyperbole, and that
 [i]ts very unlikely that he actually would have been charged with attempted murder. But the statements there were an attempt to make sure that the court recognized there were two sides to his claim of having an illness.
[Clark Deposition Transcript, p. 36.]
Susan Barese has filed a four-count complaint against James G. Clark. In the first count she alleges that by disclosing in open court the criminal defendant's claim of HIV infection defendant James G. Clark published private facts, breached her privacy and thus caused her to suffer humiliation, anxiety and CT Page 13311 extreme emotion distress. In this regard the plaintiff Susan Barese further alleges that the defendant's disclosure was willful, wanton and without legitimate purpose. In the second count the plaintiff claims that said disclosure constitutes a breach of privacy by intruding upon her seclusion of private affairs. In the third count the plaintiff alleges that the defendant falsely induced her to rely on his promise of non-disclosure and keeping in confidence discussions in his office and thus induced her not to request that he keep her potential infection confidential. In a fourth count the plaintiff alleges that the defendant's actions in tricking her to believe that she need not object to public disclosure of her possible HIV infection was intentional and caused her extreme emotional distress. At oral argument the plaintiff represented that James Clark's HIV remarks were reported in the local media Defendant Clark denies any wrongdoing. He asserts that he made the remarks at the hearing for the purpose of opposing any leniency which the criminal defendant may have been seeking by claiming HIV infection.
Defendant James Clark has filed a Motion for Summary Judgment on the ground of prosecutorial immunity. In his motion defendant Clark argues that he is immune from the claims in this lawsuit because they arise out of his conduct while acting as a prosecutor, and that such immunity is similar to judicial immunity.
Defendant Clark claims that his meeting with the plaintiff in his official office in the Courthouse immediately prior to the sentencing and his statements made to her in his office and made in open court at the sentencing are safeguarded by this immunity. The plaintiff has filed a memorandum in opposition to the motion. Both parties have submitted excerpts of transcripted testimony taken at depositions. In addition, the defendant has submitted an affidavit of the victim advocate who was present during the meeting prior to the sentencing. According to our rules of practice summary" . . . judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Prac. Book § 17-49.
The following quotation from DeLaurentis v. New Haven,220 Conn. 225 (1991) helps to frame the factual and legal analysis for deciding this pending motion for summary judgment predicated upon immunity: CT Page 13312
 The mantle of judicial immunity covers not only judges, but all adjuncts to the judicial process. In particular, prosecutors are immune from tort liability for their conduct as participants in the judicial proceeding. See Burns v. Reed, supra, 1939; Imbler v. Pachteman, 424 U.S. 409, 422-24, 96 S.Ct. 984, 47 L.Ed.2d 128
(1976): Spring v. Constantino, supra 565: cf. 4 Restatement (Second), Torts § 895D, comment (c) (the immunity extended to public officials such as a prosecuting attorney may not apply to his improper motive). Prosecutorial immunity from suits for malicious prosecution and defamation arose from the similar "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Imbler v. Pachtman, supra, 423. "The key to the immunity . . . held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful were committed by the officer in the performance of an integral part of the judicial process." Spring v. Constantino, supra, [168 Conn. 563, 565] quoting Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965). (Emphasis added.)
DeLaurentis, id. at 242.
The essential inquiry in deciding the motion for summary judgment is whether there is a genuine issue of material fact about defendant Clark's role as a prosecutor in disclosing at the sentencing hearing in open court the HIV claim which he told Susan Barese he would not mention. This inquiry is presented within the context of the parties' awareness that the criminal defendant's HIV claim was contained in the PSI for sentencing consideration by the trial judge.
This court finds that the answer to the foregoing essential inquiry is in the negative. A review of the deposition testimony supporting and opposing the motion discloses no genuine issue of materially factual dispute as to defendant Clark's prosecutorial role in this regard. Clearly it was appropriate for the prosecutor to have met with Susan Barese prior to the sentencing to review sentencing matters with her inasmuch as she was the victim of the criminal defendant's conduct. Moreover, there is nothing in the supporting and opposing documents which opposes the defendant's statement that his motive in making the disclosure was to counter any claim for leniency which the criminal defendant's HIV claim in the PSI may have been designed CT Page 13313 to have elicited.[1]
Inasmuch as the court finds that there is no genuine issue of material fact as to defendant James G. Clark's role in this matter, and inasmuch as he did not abandon his prosecutor's role by addressing the criminal defendant's HIV claim at the sentencing hearing, the defendant's Motion for Summary Judgment is granted as to all counts.
JONES, JUDGE